CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN - 2 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

GREGORY D. GRAVES,
    Petitioner,

Civil Action No. 7:13-cv-00486

v.

MEMORANDUM OPINION

COMMONWEALTH,
    Respondent.

By:   Hon. Jackson L. Kiser
       Senior United States District Judge

Gregory D. Graves, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to invalidate the convictions entered by the Circuit Court of the City of Danville on January 29, 1981, for burglary and rape. Because these convictions from 1981 were used by the Circuit Court of the City of Danville to enhance the sentences imposed on May 4, 2000, for statutory burglary, attempted rape, and attempted sodomy, Petitioner ultimately hopes to invalidate the sentences imposed in 2000 that he is presently serving.

Petitioner has already completed the fifteen year sentence imposed in 1981, and he fails to describe a collateral consequence independent of any other conviction to satisfy jurisdiction or present a live controversy about the convictions entered in 1981. Accordingly, the portions of the petition challenging the convictions entered in 1981 are dismissed without prejudice. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (recognizing a habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed); Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (recognizing challenges to a state court judgment via § 2254 are moot when the petitioner is no longer in custody pursuant to the challenged judgment).

To the extent Petitioner challenges the sentences imposed on May 4, 2000, court records indicate that Petitioner previously filed a § 2254 petition about the same convictions and sentences in Graves v. Angelone, No. 7:03-cv-00255 (W.D. Va. July 22, 2003). Thus, Petitioner's instant claims that challenge the sentences imposed on May 4, 2000, are successive and prohibited by 28 U.S.C. § 2244(b). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from a United States Court of Appeals that claims in the subsequent petition meet certain criteria. 28 U.S.C. § 2244(b). Because Petitioner has not submitted any evidence that he has obtained such certification by the Court of Appeals for the Fourth Circuit, I dismiss the portions of the petition challenging the sentences imposed on May 4, 2000, without prejudice as successive. Based upon the finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied. Petitioner's motion to proceed in forma pauperis is denied as moot.

ENTER: This 2nd day of January, 2014.

Senior United States District Judge